1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID M. DAVID,

11            Plaintiff,                           No. CIV S-10-1346 JAM GGH P

12        vs.

13   C. LOPEZ, et al.,

14            Defendants.                    FINDINGS & RECOMMENDATIONS
     _____/

15

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

17   relief pursuant to 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend

18   and plaintiff has filed an amended complaint.

19            The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

16          In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

19  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

20  1843 (1969).

21          The complaint states one colorable claim and by concurrent order the undersigned

22  will order service with respect to Warden Tilton and an alleged violation of the American with

23  Disabilities Act (ADA).  However, the remainder of plaintiff's claims and defendants should be

24  dismissed.

25  \\\\\

26  \\\\\

1    Plaintiff states that he is a mobility impaired inmate, who wears a mobility

2  impaired vest and has a cane, and takes a bus the one mile[1] from his yard to the medical facility.

3  Plaintiff alleges that on four separate occasions he did not get a seat on the bus and was forced to

4  stand for the one mile ride.  Plaintiff states that as a result of having to stand in the bus he

5  suffered pain in his legs and back in violation of the Eight Amendment.  However, similar to the

6  original complaint, plaintiff has again failed to identify any defendants in this case who were

7  responsible for making him stand and any injury appears to be de minimus.  For these reasons,

8  this claim should be dismissed.

9    In order to state a claim for violation of the Eighth Amendment based on

10  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

11  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

12  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

13  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

14  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

15  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

16  (1992).

17    A serious medical need exists if the failure to treat a prisoner's condition could

18  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

19  that a prisoner has a serious need for medical treatment are the following:  the existence of an

20  injury that a reasonable doctor or patient would find important and worthy of comment or

21  treatment; the presence of a medical condition that significantly affects an individual's daily

22  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

23  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

24

25    [1] Plaintiff does not state the distance of the bus ride in the amended complaint but the
court takes judicial notice of the one mile distance that plaintiff described in the original
26  complaint.  Original Complaint at 3.

1   (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

2   grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

3            In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

4   strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

5   course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

6   (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

7   be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

8   have known of the risk or that a defendant should have known of the risk.  Id. at 842.

9            It is nothing less than recklessness in the criminal sense-subjective

10  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

11  official must both be aware of facts from which the inference could be drawn that a substantial

12  risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

13  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

14  by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

15  acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

16  the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

17  However, obviousness per se will not impart knowledge as a matter of law.

18            The Civil Rights Act under which this action was filed provides as follows:

19            Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
20            deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
21            law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

3        . In accordance with the above, IT IS HEREBY RECOMMENDED that all claims

4   and defendants be dismissed except for Tilton and the claim under the ADA.

5        These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within seven days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: December 7, 2010

14

15                      /s/ Gregory G. Hollows

16                      GREGORY G. HOLLOWS
                    UNITED STATES MAGISTRATE JUDGE

17  GGH:AB
    davi1346.dis

18

19

20

21

22

23

24

25

26