IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID M. DAVID,

            Plaintiff,                     No. CIV S-10-1346 JAM GGH P

     vs.

C. LOPEZ,

         Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff's claims fail to state a claim for relief.  Doc. 29.

        This action continues on the first amended complaint alleging that plaintiff's rights were violated under the Americans with Disabilities Act (ADA).[1]  Plaintiff is mobility impaired and walks with a cane.  On four separate occasions plaintiff was taken by a van one mile to the prison medical facility, but there were more inmates than seats and plaintiff was forced to stand.  Inmates were seated in the van according to there queue in line, which was determined by the timing of the inmate's release from their building by the tower office.  Plaintiff

---

[1] Plaintiff's Eighth Amendment claims were dismissed at screening.

1

states that as a result of being forced to stand for the short ride, he suffered injuries to his back.

Plaintiff seeks monetary damages only.

Motion to Dismiss

Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972).

\\\\\\

ADA

Title II of the ADA "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct. 1952, 1955 (1998); <u>see</u> <u>also</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir. 1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability"; he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of his disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

However, it is also important to emphasize that a disability alone is not the sole prerequisite for an ADA claim.  It is not enough that defendants did not make plaintiff's life in prison more comfortable or easy in every respect in light of his disability.  <u>See</u> <u>Memmer v. Marin County Courts</u>, 169 F.3d 630, 633 (9th Cir. 1999).  Rather, plaintiff must show that defendants *discriminated* against him in terms of making prison programs and activities available to him when compared to non-disabled inmates.  <u>See</u> <u>Brown v. City of Los Angeles</u>, 521 F.3d 1238, 1241 (9th Cir. 2008).

Plaintiff may bring a claim under Title II of the ADA against state entities for damages.[2]  <u>See</u> <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791 (9th Cir. 2004).

---

[2] Plaintiff does not seek injunctive relief.

3

1    However, the standard for recovery of such damages is deliberate indifference to plaintiff's rights

2    under the ADA.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate

3    indifference requires both knowledge that a harm to a federally protected right is substantially

4    likely, and a failure to act upon that likelihood."  Id. at 1139.

5           Defendant notes in the motion to dismiss that there is no indication that plaintiff

6    was discriminated against and forced to stand due to his disability or that other non-disabled

7    inmates were allowed to sit.  Plaintiff fails to address this valid argument, and plaintiff's own

8    allegations demonstrate that it was most likely random who was provided a seat and who was

9    forced to stand, depending on when different inmates were released from their respective

10   buildings.[3]  Thus, plaintiff has failed to show that he was excluded from a service due to his

11   disability or that he was treated differently due to his disability.  See Ernst v. Cate, 2009 WL

12   3818205 *8 (E.D. Cal) (plaintiff failed to state a claim under the ADA when he alleged his

13   wheelchair was not properly secured in a van transporting him for medical care and a sudden stop

14   threw him to the floor causing injury).  By all accounts, it seems that plaintiff's disability had no

15   impact on not being provided a seat.  As the court stated in Ernst v. Cate, this is not the type of

16   discrimination that the ADA was intended to address, if the conduct in the instant case could

17   even be classified as discrimination.  Id.

18          Moreover, to obtain damages, the only relief plaintiff seeks, he must show that

19   there was deliberate indifference to his rights under the ADA.  Plaintiff would need to prove that

20   simply because he walked with a cane, he was unable to stand for a one mile drive, prison

21   personnel should have known this and then provided a larger van.  Despite having to stand on

22   four separate occasions, plaintiff does not allege that he ever sought permission from medical

23   staff to be provided a chrono to receive a seat on the van.  Instead, it appears that plaintiff only

24   raised the issue with the van drivers on the particular days.  This most likely does not even set

25   _____

26   [3] It also appears from the amended complaint, though the undersigned cannot be certain, that on many other occasions plaintiff was provided a seat on the van.

4

1   forth a claim for negligence, let alone the much more stringent standard of deliberate

2   indifference.  Had plaintiff been confined to a wheelchair or unable to stand, and then forced to

3   stand in the van or lie down on the floor, there could be a claim.  Yet, plaintiff is only mobility

4   impaired and walks with a cane.  There is no evidence plaintiff is unable to stand, and more

5   importantly, no way for the prison guards to be aware that plaintiff could have had serious

6   problems standing for such a short time.  Plaintiff would have the prison guards make a seating

7   ranking based on their perception of disability *every day* for all the inmates seeking medical

8   treatment, the totality of inmates in the van, before the van could ever leave for the medical

9   facility.[4]  This would hardly be conducive to good medical treatment.  All of these circumstances

10  reveal that plaintiff has failed to meet the standard to obtain damages.

11          For all these reasons, defendant's motion to dismiss should be granted and this

12  case dismissed.  As no amount of amendment would cure the deficiencies of the operative

13  amended complaint, this case should be dismissed with prejudice

14          Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to

15  dismiss (Doc. 29) be granted and this case dismissed with prejudice.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within seven days after service of the objections.  The parties are

22  \\\\\

23  \\\\\

24

25          [4] One can imagine the difficulty and inaccuracies, for example, in deciding whether a
    cancer patient undergoing chemotherapy should sit in lieu of someone who was mobility
26  impaired.

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: January 9, 2012

4                                              /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

5
    GGH: AB
6   davi1346.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26